STATE OF VERMONT

ENVIRONMENTAL COURT

|  | } |  |
| --- | --- | --- |
| In re: Appeal of | } | |
|   Cindy Gagnon | } | Docket No. 141-8-99  Vtec |
|  | } | |

Decision and Order on Motion for Summary Judgment

Appellant, a neighboring landowner, appealed from a July 1, 1999 decision of the Zoning Board of Adjustment and Planning Commission[1] of the Town of Lyndon granting conditional use approval and site plan approval to Paul Downing for a seasonal commercial archery course.  Appellant is represented by Robert T. Gaston, Esq.  Neither the applicant nor the Town appeared as a party in this appeal, and no party opposed Appellant's motion for summary judgment.

In December of 1986, Violet Guy and Lois Hammond, as trustees of the Violet H. Guy Trust, conveyed the subject property to Credit Data of Central Massachusetts with a deed restriction that the property could be used only for agricultural purposes while Violet Guy resided on an adjacent parcel.  As of the date of the application in this matter, Violet Guy still resided on that adjacent parcel, and retained a mortgage interest in the subject property.

In approximately 1997, Attorney Robert Gensburg represented Donald Guy and Lois Hammond in an involuntary guardianship proceeding, in which Violet Guy was declared incompetent and Donald Guy and Lois Hammond were appointed as her guardians.  In 1999, Mr. Gensburg was a member of the Zoning Board of Adjustment and Planning Commission for the Town of Lyndon.

In May 1999, Paul Downing applied for a zoning permit to use the subject property as a commercial archery course, listing the property owners as: Credit Data of Central

---

[1]  These two bodies may have the same membership, and are referred to as "the Planning and Zoning Board" in Appellant's filings, but the Zoning Bylaws refer to them as separate bodies rather than as a combined board.

Mass., Inc. and Paul Downing, DBA Meadow Wood Farm. The application was forwarded to the ZBA and Planning Commission because conditional use approval and site plan approval were required for a commercial outdoor recreational use. At the hearing, Appellant asked that the Board consider the deed which contained the "agricultural use only" restriction. The Board adjourned the hearing to be reconvened at a time when Mr. Gensburg could be present to advise as to whether the deed restriction should be considered. Section 9.1.4 of the Zoning Bylaws requires that deed restrictions be submitted with the land survey for site plan approval, but does not specify how they are to be considered in a site plan approval or conditional use approval proceeding.

At the reconvened meeting on July 1, 1999, Mr. Gensburg was present, and the deed language was discussed. The Board also considered letters from Donald Guy and Lois Hammond stating their respective opinions that the archery course did not violate any existing restrictions on the property. Mr. Gensburg advised the Board that the deed restriction was not relevant to the Board's consideration of the permit application for the archery course. Mr. Gensburg abstained from voting on the merits of the application, on the basis that he had missed the previous meeting at which the application had been discussed. The Board granted conditional use approval with six conditions, and granted site plan approval with one condition.

Appellant argues that Mr. Gensburg should have disqualified himself from advising the Board, as well as from voting on the permit application, as he had acted on behalf of Violet Guy's guardians in the involuntary guardianship proceeding. Although Mr. Gensburg did correctly abstain from voting, he also should not have advised the Board as to the legal effect of the deed restriction, simply because he had acted in his capacity as lawyer in a related transaction for parties with an interest in the outcome of the application.

Accordingly, this Court remands this matter to the Lyndon Planning Commission and Zoning Board of Adjustment for consideration of the site plan and conditional use applications, without Mr. Gensburg's participation in the discussion or legal analysis.

However, this Court has no jurisdiction either to enforce deed restrictions or to examine the authority of the guardians to have issued the letters they filed. Accordingly, we do not reach Appellant's argument that the Zoning By-Laws' definition of agricultural use should be applied to the deed restriction as a matter of law. Further, we do not reach the merits of whether the proposal meets the criteria for site plan approval or for conditional

2

use approval.  If the application is again approved after remand and again appealed, the matter will be set for a hearing on the merits of the application.

Appellant also seeks attorney's fees.  However, there is no basis for an award of attorney's fees in zoning appeals.  Nor are attorney's fees are warranted under the doctrine of In re Appeal of Gadhue, 149 Vt. 322 (1988), in which attorney's fees were not awarded in the zoning appeal, but only in the later proceeding for injunctive relief to enforce the judgment obtained in the zoning appeal.  Also see Lakeview Farm, Inc. v. Enman, 166 Vt. 158 (1997). Therefore, Appellant's request for attorney's fees is denied.

Accordingly, Appellant's motion for summary judgment is granted.  Mr. Gensburg should have disqualified himself and should not have advised the Board regarding any aspect of this application, as he had represented an interested party on matters to do with the land in question.  This matter must be remanded to the Zoning Board of Adjustment and Planning Commission for consideration of the application for conditional use approval and site plan approval, without the advice, discussion or other participation (as well as without the vote) of any board or commission member who is disqualified.  The remand concludes this appeal.  However, if the application is again approved, and Appellant wishes to appeal to this Court on the merits of that approval, the Court hereby grants a waiver of the filing fee for such appeal of the merits, as we did not reach the merits in the present appeal.

Done at Barre, Vermont, this 1st day of March, 2000.

_____
Merideth Wright
Environmental Judge